Case vacated and remanded by Supreme
Court order filed 2/23/01

UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 99-4689

FLOYD WEATHERSPOON,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., District Judge.
(CR-99-16)

Submitted: May 25, 2000

Decided: June 6, 2000

Before WILLIAMS, MICHAEL, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Walter Thaniel Johnson, Jr., Juanita Boger Allen, Greensboro, North
Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney,
Steven H. Levin, Assistant United States Attorney, Greensboro, North
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Floyd Weatherspoon appeals his conviction and sentence for multiple drug offenses in violation of 21 U.S.C.A. §§ 841(b)(1)(A), 841(b)(1)(B), 846 (West 1994 & Supp. 1999). We affirm.

Weatherspoon first contends that police officers executing a search warrant on his home violated the "knock and announce" requirement by failing to wait a reasonable period of time for an answer or refusal prior to entering. Considering the facts particular to this case, the district court determined that the length of time that elapsed between announcement and entry was reasonable. See United States v. Ward, 171 F.3d 188, 194-95 (4th Cir. 1999), cert. denied, ___ U.S. ___, 68 U.S.L.W. 3226 (U.S. Oct. 4, 1999) (No. 98-9824) (providing reasonableness standard). We review the district court's factual findings for clear error and its legal conclusions de novo. See United States v. Simons, 206 F.3d 392, 398 (4th Cir. 2000) (providing standards). Applying these standards, we find no error in the district court's determination.

Weatherspoon next contends that the Government committed a Brady* violation by failing to disclose the results of a latent fingerprint analysis conducted on a cooking pot found in Weatherspoon's apartment. According to Government witnesses, Weatherspoon used this pot in the preparation of crack cocaine on the day of his arrest. Weatherspoon filed an unsuccessful motion for a new trial on the basis of this evidence. We review a district court's denial of a motion for a new trial for an abuse of discretion and a due process violation under Brady for a reasonable probability that the result of the proceeding would have been different had the evidence been disclosed to the defense. See United States v. Arrington, 757 F.2d 1484, 1486 (4th Cir. 1985) (providing standard for new trial motion); Moore v. Illinois, 408 U.S. 786, 794-95 (1972) (providing Brady standard). Because we find that the evidence allegedly withheld in this case is immaterial, we conclude that the district court did not abuse its discretion in denying Weatherspoon's motion for a new trial.

_____
*Brady v. Maryland, 373 U.S. 83 (1963).

2

Finally, Weatherspoon contends that the district court erred in enhancing his sentence for obstruction of justice under U.S. Sentencing Guidelines Manual § 3C1.1 (1998). At trial, the girlfriend of Weatherspoon's co-defendant testified that Weatherspoon contacted her and requested that she lie about matters material to the case. We find that it was not clearly erroneous for the district court to credit this witness' testimony, and that such testimony establishes obstruction by a preponderance of the evidence. See United States v. Daughtry, 874 F.2d 213, 217-18 (4th Cir. 1989) (providing clear error standard); United States v. Puckett, 61 F.3d 1092, 1095 (4th Cir. 1995) (providing preponderance of the evidence standard). Accordingly, we affirm the district court's application of the USSG § 3C1.1 enhancement.

Finally, Weatherspoon has moved to file a pro se supplemental brief. Although we grant his motion, we find his arguments unconvincing. Accordingly, we affirm both his conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3